Carr, J.
I am of opinion that this judgement should be affirmed. I concur in the opinion of the president generally. There is one point, however, taken by him, which I have not so carefully examined, as to justify a decided opinion upon it; such examination not being necessary to a decision of the case, in my view of it. That point is, whether the statute of February 1823 embraces the case? There is another point, too, on which the president has not given an opinion, which I must think a strong one in support of the judgement; that is, the statute oí jeofails. This, it must be observed, is not a case where there has been no appearance, and where the defendant may be considered wholly ignorant of the proceeding; on the contrary, he was the original actor; he sued out the writ of replevin, and thereby got possession of the goods distrained, and put the *424 landlord to his avowry. After this, he can by no means (Ithink) claim the exemption extended to one supposed to be wholly uninformed of the action. He comes within the meaning, as well as the letter of the statute. But it was unjess y0U apply the statute of February 1823 to this case, there should have been no writ of inquiry, and then the case would not have been within the statute of jeofails. The reasons given by the president answer this objection, and shew to my mind, that without the aid of the statute of 1823, the writ of inquiry was proper. It was said, that it was the settled law of this court, that the statute of jeofails does not extend to a case like this. I have considered the court as saying (in perhaps more than one case) that where there has been no appearance at all by the defendant, the statute does not embrace the case. Roe v. Baker was cited; aijd the record does certainly shew, though there had been no regular appearance, the defendant had in fact been in court so far as to obtain one or more continuances. I have no recollection of the argument, of the conferences, or the particular opinions of the court; I cannot therefore think that it was a case much argued or examined, by the bar or bench; or that we meant to settle the practice by it. I have looked in vain among my papers for a note of the argument, or my own remarks. It is, therefore, a naked decision, which, however I may have then decided, I must confess seems to me now to have been directly within the statute of jeofails. I have always thought, that (however we, in our private judgement, might suppose the legislature had covered too much ground by that statute) we were bound, nevertheless, to administer it, according to the spirit in which it was passed, and extend its provisions to every case, within the view of the law makers.
Tucker, P. then said, he concurred with the other judges, that the case was within the provisions of the statute of jeofails.
Judgement affirmed.